Filed 6/23/26  P. v. Palmer CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085500 |
| v. | (Super. Ct. No.  RIF72155-2) |
| FLOYD PALMER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn Pulliam, Judge.  Affirmed.

Courtney Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Arlene A. Sevidal, Assistant Attorney General, Daniel Rogers, and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

In 1998, defendant and appellant Floyd Palmer was found guilty of premeditated attempted murder (Pen. Code,[1] §§ 664, 187), attempted murder (§§ 664, 187), unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), carjacking (§ 215), burglary of a vehicle (§ 459), aggravated mayhem (§ 205), and two counts of robbery (§ 211).  It was also found true that defendant was personally armed with a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).  The trial court sentenced defendant to 41 years plus life with the possibility of parole.

In 2024, defendant filed a petition for resentencing pursuant to section 1170, subdivision (d)(1).  The trial court denied the petition, finding defendant's sentence was not the functional equivalent to life without the possibility of parole (LWOP) and thus he was not eligible for resentencing.  On appeal, defendant contends the trial court erred because his sentence of 41 years to life is the functional equivalent of LWOP.  We disagree and affirm.

---

[1]  All future statutory references are to the Penal Code.

## II.

## PROCEDURAL BACKGROUND[2]

In March 1998, defendant was sentenced to 41 years to life with the possibility of parole. Defendant was denied youth-offender parole in 2016 and 2021.

On October 29, 2024, defendant filed a petition for a recall of sentence pursuant to section 1170, subdivision (d) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*). Defendant argued that the 41-year sentence was the functional equivalent to LWOP, which makes him eligible for resentencing under section 1170, subdivision (d)(1)(A).

On February 6, 2025, the trial court denied defendant's petition. The court found that defendant was not entitled to resentencing relief because his sentence is not LWOP or its functional given that he would be eligible for parole at the age of 53. Defendant timely appealed.

## III.

## DISCUSSION

Defendant contends that he is entitled to recall of his sentence and resentencing pursuant to section 1170, subdivision (d)(1) because his sentence of 41 years to life is the functional equivalent of LWOP. We disagree.

Defendants who are sentenced as juveniles to LWOP can petition for recall and resentencing under section 1170, subdivision (d)(1)(A) after their fifteenth year of incarceration. Thus, "[b]y its terms, subdivision (d) of section 1170 limits relief to

---

[2] The factual background is not relevant to the limited issues on appeal.

3

juvenile defendants who were either originally sentenced to LWOP or resentenced to LWOP upon petitioning for resentencing under section 1170[, subdivision] (d)(1)." (*People v. Superior Court (Valdez)* (2025) 108 Cal.App.5th 791, 800.)  Nonetheless, several Courts of Appeal hold that the statute applies to juveniles sentenced to the functional equivalent of life without parole.  (E.g., *Heard*, *supra*, 83 Cal.App.5th 608 [103-year term]; *People v. Sorto* (2024) 104 Cal.App.5th 435 [140-year term]; *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1046 [107-year term].)  On the other hand, several Courts of Appeal have held that juvenile defendants not sentenced to LWOP, or its functional equivalent are not eligible for resentencing under section 1170, subdivision (d).  (E.g., *People v. Olmos* (2025) 109 Cal.App.5th 580, 582 [33-years-to-life term] *People v. Thomas* (2025) 112 Cal.App.5th 1058, review granted Sept. 24, 2025, S292540 [50-years-to-life term]; *People v. Munoz* (2025) 110 Cal.App.5th 499, 507, review granted June 25, 2025, S290828 [same].)

Defendant's 41-years-to-life sentence is not the functional equivalent of LWOP. We are unaware of any case holding otherwise.  (Cf. *People v. Olmos*, *supra*, 109 Cal.App.5th at p. 582 [33-years-to-life term not functional equivalent of LWOP]; *People v. Contreras* (2018) 4 Cal.5th 349, 372 [50-years-to-life term is functional equivalent of LWOP].)  More importantly, defendant is eligible for parole in 2033, when he will be 52 years old decades before his natural life expectancy.  This provides him with "a realistic opportunity to obtain release from prison during his expected lifetime."  (*People v. Munoz*, *supra*, 110 Cal.App.5th at p. 508 [defendant not sentenced to functional

4

equivalent of LWOP because he was eligible for parole at 65]; *People v. Franklin* (2016) 63 Cal.4th 261, 280 [sentence is not LWOP or its functional equivalent if it will allow a defendant a "meaningful opportunity for release"]; *Heard*, *supra*, 83 Cal.App.5th at p. 617 [defendant sentenced to functional equivalent of LWOP because he was eligible for parole decades after his natural life expectancy].) Defendant will therefore have the chance to rejoin society for "a sufficient period to achieve reintegration as a productive and respected member of the citizenry." (*People v. Contreras*, *supra*, 4 Cal.5th at p. 368; see also *People v. Garcia* (2017) 7 Cal.App.5th 941, 949-950 [defendant not sentenced to functional equivalent to LWOP because he would be eligible for parole when 47 years old].) For that reason alone, the trial court properly denied his petition.

IV.

DISPOSITION

The trial court's order denying defendant's petition under section 1170, subdivision (d) is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


MILLER
Acting P. J.


FIELDS
J.

5